IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN PIPPEN**, on behalf of himself and all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**GLOBAL TECHNICAL RECRUITERS INC.**,<br><br>– and –<br><br>**LIBERTY STEEL INDUSTRIES, INC.**,<br><br>Defendants. | CASE NO. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff John Pippen (Plaintiff) files this Complaint against Defendants Global Technical Recruiters Inc. (Defendant Global Technical) and Liberty Steel Industries, Inc. (Defendant Liberty Steel) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA), Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law), O.R.C. § 4113.15 (OPPA), O.R.C. § 2307.60, O.R.C. § 4111.14(G), and Ohio Const. Art. II, § 34a. The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and Ohio law.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

1

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like them who worked for Defendants in Ohio and suffered the same harms described below.

4. Plaintiff further brings an individual claim for violations of O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

7. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8. At all times relevant, Plaintiff has been a citizen of the United States and was jointly employed by Defendants within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

9. Defendant Global Technical is a for-profit Ohio corporation, headquartered in Cleveland, Ohio (Cuyahoga County). Defendant Global Technical can be served through its registered agent: Corporation Service Company, at 50 West Broad Street, Columbus, OH 43215.

10. Defendant Liberty Steel is a for-profit Ohio corporation, headquartered in Warren Ohio (Trumbull County). Defendant Liberty Steel can be served through its registered agent: KMK Service Corp., at 1 E 4th Street, Suite 1400, Cincinnati, OH 45202.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

11. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and Ohio law.

12. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendants.

13. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendants individually and jointly operate as an enterprise, with Defendant Global Technical providing employees to Defendant Liberty Steel in its business of processing coated, cold rolled, and hot rolled steel and providing a variety of stamping and blanking services.[1]

15. Defendants jointly employed Plaintiff and those similarly situated as hourly, non-exempt employees.

16. Plaintiff worked for Defendants as a laborer for several months in 2019, at an hourly rate of approximately $10.

17. Defendants share operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment.

---

[1] http://libertysteelind.com/ (last viewed 2/3/21).

3

18. Defendants share authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

19. Defendants share authority to set rates and methods of compensation of Plaintiff and others similarly situated.

20. Defendants share control and maintenance of employment records.

21. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

22. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

23. Defendants share the services of Plaintiff and others similarly situated.

24. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

## Unpaid Pre-Shift Work

25. Defendants required Plaintiff and others similarly situated to attend daily pre-shift meetings lasting approximately 15 to 20 minutes a day.

26. Additionally, Plaintiff and others similarly situated are required to don personal protective gear, including Kevlar sleeves before their shift starts.

27. However, Defendants do not pay Plaintiff and those similarly situated for this work. Rather, Defendants pay them only pay them at their shift start time.

28. The pre-shift meetings and donning of personal protective gear constituted compensable work, as they are necessary, indispensable, integral, and intrinsic to the jobs that Plaintiff and those similarly situated were hired to do.

29. This unpaid compensable work constituted the first principal activity of their workday and could not be dispensed with. Plaintiff and those similarly situated could not perform the rest of their shift-duties without first attending the mandatory pre-shift meetings and donning their personal protective gear.

### Improper Deductions

30. If Plaintiff or others similarly situated clocked out as little as a few minutes early, they were docked a full 15 minutes.

### Unpaid Overtime

31. Plaintiff and others similarly situated regularly work more than 40 hours in a workweek.

32. Because Defendants failed to pay Plaintiff and others similarly situated for compensable pre-shift work and improperly deducted a full 15 minutes for clocking out a few minutes early, Defendants failed to pay them all overtime compensation earned at a rate of at least one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

### Failure to Keep Accurate Records

33. Further, as a result of the conduct described above, Defendants failed to make, keep and preserve accurate records of the all hours worked by Plaintiff and other similarly situated employees, as required by the FLSA and Ohio law.

### Defendants Failed to Produce Documents in Accordance with O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34a

34. Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, §34a, on September 14, 2020, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendant via regular U.S. mail to Defendant Liberty Steel's statutory agent.

35. Plaintiff included a properly executed release with his request.

36. Defendant Liberty Steel produced some, but not all, responsive documents, notwithstanding the knowledge that it, along with Defendant Global Technical, was a joint employer of Plaintiff.

37. On November 30, 2020, Plaintiff sent another document request, along with a properly executed release, to Defendant Global Technical's statutory agent.

38. While Defendant Liberty Steel partially responded, as of this filing, no response has been forthcoming from Defendant Global Technical.

39. Accordingly, more than thirty (30) business days have passed since Plaintiff's document requests, and Defendants are in violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly employees, including but not limited to, laborers and other production employees, who are or were required to attend pre-shift meetings, don personal protective gear, who are or were subject to 15 minute punch-time deductions, and that were employed by Defendants during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective").**

42. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime hours worked.

6

43. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

44. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

45. Plaintiff cannot yet state the exact number of similarly situated persons but estimates approximately 100 or more similarly situated employees during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

46. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

47. Plaintiff further bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following class:

> **All present and former full-time hourly employees, including but not limited to, laborers and other production employees, who are or were required to attend pre-shift meetings, don personal protective gear, who are or were subject to 15 minute punch-time deductions, and that were employed by Defendants during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class")**.

48. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates that it is approximately at least 100 individuals within the relevant time period.

49. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to pay them for all hours worked, whether such unpaid hours resulted in overtime violations, and whether such overtime remains unpaid.

50. Plaintiff will adequately protect the interests of the Ohio Class Members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

51. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

52. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Collective Violations)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

55. Defendants are covered by the FLSA and the FLSA Collective Members are not exempt from the protections of the FLSA.

56. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

57. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

58. Defendants have a companywide policy of not paying the FLSA Collective Members for pre-shift compensable work and instead only paying them from the shift start time, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

59. Defendants have a companywide policy of deducting a full 15 minutes when clocking out just a few minutes early, which also resulted in the underpayment of overtime compensation.

60. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

61. As a result of Defendants' individual and joint violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fee, and costs.

62. As a result of Defendants' practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Defendants are individual and joint "employers" covered by the overtime requirements of Ohio law.

65. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

66. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

67. As employees of Defendants, Plaintiff and the Ohio Class Members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

68. Defendants had a companywide policy of not paying the Ohio Class Members for pre-shift compensable work and instead only paying them from the shift start time, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

69. Defendants have a companywide policy of deducting a full 15 minutes when clocking out just a few minutes early, which also resulted in the underpayment of overtime compensation.

70. Plaintiff and the Ohio Class Members are not exempt under Ohio law.

71. Defendants' practice and policy of not paying Plaintiff and the Ohio Class Members all overtime compensation earned at one and one-half times their regular rate of pay violated the Ohio Overtime Law.

72. Additionally, the OPPA requires Defendants to pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. During relevant times, Plaintiff and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

74. Plaintiff's and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

75. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

76. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly Ohio law.

77. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to Ohio law; and because wages remain unpaid, damages continue.

78. Pursuant to Ohio law, Plaintiff are entitled to attorneys' fees and costs incurred.

## COUNT THREE
### (Damages Pursuant to O.R.C. § 2307.60 - Class Violations)

79. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80. As a result of Defendants' practices and policies, Plaintiff and the Ohio Class Members have been harmed in that they have not received wages due to them pursuant to the Ohio Overtime Law.

81. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

82. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Ohio Class have been injured as a result.

83. Section 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

84. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Ohio Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT FOUR
### (Violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a - Individual Claim)

85. Plaintiff mailed two requests for documents O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, relating to Plaintiff's employment.

86. Plaintiff included a properly execute release with her request.

87. Defendants were individually and jointly Plaintiff's "employer" as it is defined in O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

88. As Plaintiff's joint employer, Defendants were required to maintain records relating to Plaintiff's employment in accordance with Ohio law.

89. Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendants were required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

90. More than 30 business days have passed, and as of this filing, Defendant Liberty Steel only partially produced documents and Defendant Global Technical has not responded at all.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Certify the Ohio Class pursuant to Fed. R. Civ. P. 23;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

D. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages, and liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

E. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

F. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements;

G. Direct Defendants to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Plaintiff; and

H. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*