# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOHN PIPPEN**, | ) CASE NO. 1:21-cv-00311 |
|  Plaintiff, | ) |
| v. | ) JUDGE J. PHILIP CALABRESE |
|  | ) |
| **GLOBAL TECHNICAL RECRUITERS INC.**, *et al.*, | ) **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE** |
|  Defendants. | ) |

Plaintiff John Pippen ("Plaintiff"), Opt-In Plaintiff Alonzo Bonner ("Opt-In Plaintiff") (together "Plaintiffs") and Defendants Liberty Steel Industries, Inc. ("LSI" or "LSI Defendant") and Global Technical Recruiters Inc. ("GTR" or the "GTR Defendant") (jointly "Defendants") (collectively Plaintiffs and Defendants are herein referred to as the "Parties") respectfully move this Court to approve the settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and General Release of Claims (the "Settlement"). The Settlement seeks to finally resolve this matter with Court approval of Settlement and dismissal of all claims with prejudice.

The Parties respectfully submit that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' counsel. If approved by the Court, the Settlement will result in fair and reasonable settlement payments to Plaintiffs.

The settlement documents submitted for approval by the Court consist of the following:

**Exhibit A:**   Joint Stipulation of Settlement and General Release of Claims;

**Exhibit B:**   Proposed Order Approving Settlement and Release;

1

  **Exhibit C:** Declaration of Robi J. Baishnab; and

  **Exhibit D:** Declaration of Anthony J. Lazzaro.

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

**I. THE ACTION**

On February 5, 2021, Plaintiff filed a Complaint against Defendants in the United States District Court, Northern District of Ohio, captioned as *Pippen v. Global Technical Recruiters Inc., et al.*, Case No. 1:21-cv-00311. Four opt-in plaintiffs joined in the Litigation.[1] However, the Consent to Join Forms for Anthony Alexander, Darren Pierce, and Ivan Rea were withdrawn.[2] Plaintiff and Opt-In Plaintiff allege that they were not paid all overtime earned, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, Ohio Revised Code ("O.R.C.) § 4111.03(D), O.R.C. § 4113.15, O.R.C. §2307.60. Plaintiff also brought an individual claim for violations of O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a.[3]

Defendant LSI filed its Answer on March 8, 2021, and Defendant GTR filed its Answer on April 5, 2021, in which both Defendants denied all liability.[4]

---

[1] ECF Nos. 5-6, and 12-13.

[2] ECF Nos. 13 and 28.

[3] ECF No. 1.

[4] ECF Nos. 10 and 14.

On June 15, 2021, the Court denied Plaintiff's Motion for Conditional Certification,[5] and on August 17, 2021, the Parties filed their Joint Notice of Settlement.[6]

## II.  THE NEGOTIATIONS

Each Party thoroughly assessed the other's legal and factual positions, the Court's ruling, potential appeals, potential witnesses, and potential claims and defenses. Plaintiffs' Counsel used Plaintiffs' allegations, estimates, and dates of employment to calculate approximate and alleged unpaid overtime, and used these estimates to serve a demand and negotiations proceeded.[7]

The Parties engaged in good-faith arm's length negotiations, including candid discussions concerning Plaintiffs' claims and Defendants' defenses. Throughout the negotiations, liability has been denied and disputes remain notwithstanding settlement. Nevertheless, the Parties reached a settlement, the terms of which are encompassed in the Settlement Agreement.[8]

## III.  THE SETTLEMENT TERMS

The Settlement Agreement provides for individual payments to Plaintiff Pippen and Opt-in Plaintiff Bonner, and the payment of attorneys' fees and ligation costs. A copy is filed with this Joint Motion. If approved by the Court, the Settlement will resolve all issues between Plaintiffs and Defendants in this Action and as outlined in the Agreement. If approved, the Parties have agreed that the Action will be dismissed with prejudice, with this Court retaining jurisdiction over performance of settlement, including the payments as outlined in their Agreement.

---

[5] ECF No. 25.

[6] ECF No. 27.

[7] Baishnab Decl. at ¶ 13.

[8] *Id*. at ¶ 14.

IV.    **THE PROPRIETY OF APPROVAL**

The Settlement is subject to approval by the Court pursuant to Section 16 of the FLSA. As explained below, Court approval is warranted.

    A.    **The Settlement Is a Fair Resolution of a Bona Fide Dispute.**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

The payments to Plaintiffs are fair, reasonable, and adequate given that bona fide disputes exist between the Parties, including whether the matter can proceed collectively, whether Plaintiffs performed unpaid work, whether the alleged work was compensable, and whether Plaintiffs are entitled to any payments including liquidated damages. Settlement results in payments to Plaintiffs that reflect the equivalent of approximate one (1) hour or more of unpaid overtime per week as calculated by Plaintiffs' Counsel.[9]

Courts also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Cashiola v. Risha*, No. 5:19-cv-922, 2019 U.S. Dist. LEXIS 209976, at *3-4 (N.D. Ohio Dec. 5, 2019) (further citation omitted). Here, there remains considerable dispute concerning allegations of hours worked, wages paid, records kept or not kept, and affirmative defenses. There was no guarantee that either party would prevail, nor that Plaintiffs would be able to prove their estimated unpaid worktime, or statutory damages.

---

[9] Baishnab Decl. at ¶ 15.

Accordingly, settlement was the result of arms-length negotiations between parties that were represented by able counsel.[10]

Settlement saves the Parties substantial time and expense and relieves them from the inherent risks of continued litigation. For example, if litigation proceeded, Plaintiffs would have sought reconsideration or appeal on conditional certification, and the Parties would have engaged in discovery, including written discovery and depositions. While the matter of unpaid overtime for two individuals is not inherently complex standing alone, the facts of this case warranted significant discovery given Plaintiffs' allegations and estimates and Defendants' defenses.[11] Accordingly, the factors considered by the Court are satisfied.

B. **The Court Should Approve the Requested Attorney's Fees and Costs.**

Finally, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Cashiola*, 2019 U.S. Dist. LEXIS 209976, at *4 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Settlement provides for the reasonable payment of attorneys' fees and ligation costs. Plaintiffs' Counsel invested significant time analyzing documents, communicating with Plaintiffs, conferring with opposing counsel during negotiations, researching applicable law and employer information for the purposes of joint employment allegations, pressing the matter towards resolution rather than costly appeal and trial.[12]

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory

---

[10] *Id.* at ¶¶ 3-11, and 14.

[11] *Id.* at ¶ 16.

[12] *Id.* at ¶ 17.

5

attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984)).

There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *Perrin v. John B. Webb & Assocs*., No. 6:04-cv-399-Orl-KRS, 2005 U.S. Dist. LEXIS 35473, at *11-12 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Fegley*, 19 F.3d at 1134-35 (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *City of Riverside v. Rivera*, 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context, including by this Court.[13]

---

[13] *See, e.g., Vogler v. R S Expediting LLC et al*, Case No. 1:20-cv-01560 (N.D. Ohio), dkt. no. 23. *See also*, *Batista v. Tremont Enters*., No. 1:19CV361, 2019 U.S. Dist. LEXIS 121658, at *3 (ND Ohio July 22, 2019) (J. Pearson) ("[T]he Court finds that the proposed attorneys' [to Nilges Draher LLC] fees are reasonable," with a settlement of $7,500.00, and $3,401.05 in fees and $2,598.95 in costs); *Schraufl et al v. Riverside Local School District*, USDC ND Ohio, Case No. 1:19-cv-00175; Dkt. Nos. 7 and 9 (J. Boyko) (approving settlement of $7,098.30, with $5,620.50 in fees and costs); *Tonkinson v. J.C's Landscaping & Snow Service, LLC et al*, USDC ND Ohio, Case No. 4:19-cv-00827; Dkt. Nos. 14 and 15 (J. Pearson) (approving settlement amount of $7,500, with $4,000 in fees and $450.42 in costs); *Bernot v. Superior Beverage Group LTD*, USDC ND Ohio, Case No. 1:20-cv-00409; Dkt. Nos. 11 to 14 (J. Oliver, Jr.) (approving $12,821.22 settlement, with $8,620 fees and $409.40 in costs); *Gray v. Property Management Services, LLC, et al*., USDC ND Ohio, Case No. 1:20-cv-00054; Dkt. Nos. 18 to 20 (J. Gaughan) (approving $6,600 settlement, with $4,574.25 fees and $418.00 costs); *Tabellion v. I & A Automotive Service Center LLC et al.*, USDC

6

Plaintiffs' Counsel took this case on a contingency basis only. As such, they have not been compensated for any time or expenses since the litigation began, but they were prepared to invest their time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. Expenses at the time of settlement were incurred in the course of this action for the purpose of preserving, proving, and presenting Plaintiffs' claims. Costs incurred were nominal, considering the potential costs that Plaintiffs would have incurred had they proceeded with discovery and trial.[14]

As outlined in the Declaration of Mr. Baishnab and further supported by the Declaration of Anthony J. Lazzaro,[15] the requested fees are reasonable. Defendants agree to the payment of attorneys' fees and costs, and join this Motion for settlement approval, so therefore do not oppose the requests fees and costs.[16] Accordingly, reasonable attorneys' fees and costs should be approved as provide in the Settlement Agreement.

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order Approving Settlement and Release.

---

ND Ohio, Case No. 1:20-cv-00514, Dkt. Nos. 25 and 26 (J. Barker) (Approving $7,500 in damages and fees of $7,500); and *Van Buskirk v. Cardington Yutaka Technologies, Inc*., USDC SD Ohio, Case No. 2:19-cv-00557; Dkt. Nos. 11 and 12 (J. Smith) (approving settlement amount of $5,000, with $4,687.80 in fees and costs). *See also Fox v. Tyson Foods, Inc*., No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 222 (7th Cir. 1972) (court did not abuse its discretion in awarding attorneys' fees that were almost equal to the total damage award).

[14] Baishnab Decl. at ¶ 18.

[15] *Attached as* **Exhibit D**.

[16] Baishnab Decl. at ¶ 19.

8

Respectfully submitted,

*/s/Robi J. Baishnab*
Robi J. Baishnab (0086195)
**NILGES DRAHER LLC**
1360 E. 9th St., Suite 808
Cleveland, OH 44114
(216) 230-2955
(330) 754-1430 (Fax)
rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
**NILGES DRAHER LLC**
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
(330) 470-4428
(330) 754-1430 (Fax)
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Attorneys for Plaintiffs*

*/s/ Sarah V. Geiger (with permission)*
Gregory M. Utter (0032528)
Sarah V. Geiger (0093144)
**KEATING MEUTHING & KLEKAMP, PLL**
One E. Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
gmutter@kmklaw.com
sgeiger@kmklaw.com

*Attorneys for Defendant Liberty Steel Industries, Inc.*

*/s/ Russell T. Rendall (with permission)*
Jeffrey C. Miller (0068882)
Russell T. Rendall (0089901)
**BRENNAN, MANNA & DIAMOND, LLC**
200 Public Square, Sutie 3270
Cleveland, Ohio 44114
Tel: (216) 658-2155
Fax: (216) 658-2156
jcmiller@bmdllc.com
rtrendall@bmdllc.com

*Attorneys for Defendant Global Technical Recruiters, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 17, 2021, I electronically filed a copy of the foregoing. The Court's electronic filing system will send notice of this filing to all parties, who may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Attorney for Plaintiffs*