# EXHIBIT A

Joint Stipulation of Settlement and General Release

# JOINT STIPULATION OF SETTLEMENT AND GENERAL RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Plaintiff **John Pippen** ("Plaintiff" or "Pippen"), Opt-In Plaintiff **Alonzo Bonner** ("Opt-In Plaintiff" or "Bonner") and Defendants **Liberty Steel Industries, Inc.** ("LSI" or "LSI Defendant") and **Global Technical Recruiters Inc.** ("GTR" or the "GTR Defendant") (jointly "Defendants") agree to the terms of this Stipulation and General Release ("Agreement"). Plaintiff, Opt-In Plaintiff, and Defendants are referred to herein collectively as "the Parties."

WHEREAS, Plaintiff and Opt-In Plaintiff allege that they were not paid all overtime earned, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA), Ohio Revised Code (O.R.C.) § 4111.03(D), O.R.C. §4113.15, O.R.C. § 2307.60;

WHEREAS, Plaintiff has filed a Complaint against Defendants in the United States District Court, Northern District of Ohio, captioned as *Pippen v. Global Technical Recruiters Inc., et al*., Case No. 1:21-cv-00311 (the "Litigation"); and,

WHEREAS, Plaintiff also brought an individual claim for violations of O.R.C. §4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a; and,

WHEREAS, Defendant LSI filed its Answer on March 8, 2021, and Defendant GTR filed its Answer on April 5, 2021, in which both Defendants denied all liability;[1]

WHEREAS, Defendant LSI denies all of Plaintiff's claims regarding alleged unpaid overtime and opposed Plaintiff's Motion for Conditional Certification;

WHEREAS, on June 15, 2021, the Court denied Plaintiff's Motion for Conditional Certification;[2]

WHEREAS, four opt-in plaintiff joined in the Litigation;[3] and,

WHEREAS, the Consent to Join Form for Opt-in Plaintiff Anthony Alexander was withdrawn on August 6, 2021, and the Consent to Join Forms for Opt-in Plaintiffs Darren Pierce and Ivan Rea were withdrawn;[4] and,

WHEREAS, on August 17, 2021, the Parties filed their Joint Notice of Settlement;[5] and,

WHEREAS, the Parties agree that a bona fide dispute exists regarding Plaintiff's and Opt-in Plaintiff Bonner's claims. Plaintiffs' counsel also is of the opinion that the settlement set forth in this Agreement (the "Settlement") is fair, adequate, and reasonable and is in the best interest of the Plaintiff and Opt-In Plaintiff in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses. Defendants steadfastly deny allegations asserted in

---

[1] ECF Nos. 10 and 14.
[2] ECF No. 25.
[3] ECF Nos. 5-6, and 12-13.
[4] ECF Nos. 13 and 28.
[5] ECF No. 27.

- 1 -

the Complaint, but nevertheless entered into this Agreement to avoid protracted litigation. Defendants agree that the Settlement is fair, adequate, and reasonable; and,

WHEREAS, the Parties now desire to fully and completely settle and dispose of the Litigation, and all other claims as provided herein, which Plaintiff and Opt-In Plaintiff ever had, or may now have prior to the execution of this Agreement and except as otherwise stated below, whether known or unknown, against Defendants; and,

WHEREAS, this Agreement is the product of a negotiation and compromise between Plaintiff, Opt-In Plaintiff, and Defendants; and,

WHEREAS, the Parties have been afforded a full and adequate opportunity to read and consider the terms of this Agreement, have consulted with the attorneys of their choosing, have been encouraged to and given the opportunity to discuss this Agreement with a tax professional and/or tax attorney, have carefully considered alternatives to executing this Agreement and have knowingly and voluntarily entered into this Agreement; and,

NOW, THEREFORE, in exchange for and in consideration of each of the following promises, and other valuable consideration, to which the Parties may now otherwise be entitled and the adequacy of which is acknowledged, the Parties hereby agree as follows:

1. <u>Consideration/Payment</u>. In consideration of each of Plaintiff and Opt-In Plaintiff's covenants set forth in this Agreement, Defendants shall pay the total sum **$6,885.00** ("Settlement Payment") at the time and on the terms and conditions described below:

   (a) Payment in the amount of **$1,070.00**, payable to John Pippen as wages with appropriate withholdings and reported on IRS Form W-2;

   (b) Payment in the amount of **$515.00**, payable to Alonzo Bonner as wages with appropriate withholdings and reported on IRS Form W-2;

   (c) Payment in the amount of **$5,300.00**, payable to Nilges Draher LLC for fees and costs, and reported on IRS Form 1099.

   (d) The forgoing checks shall be sent via mail to Plaintiff's counsel Robi J. Baishnab at Nilges Draher LLC, 7266 Portage Street, N.W., Suite D, Massillon, Ohio 44646 within <u>30-days</u> of the Court's approval of this Agreement.

   (e) The payments set forth above are conditioned upon Defendants' receipt of a completed IRS Form W-9 from Nilges Draher LLC.

This Agreement is enforceable regardless of its tax consequences. Defendants make no representations regarding the Agreement's tax consequences. Settlement payments to Plaintiff and Opt-in Plaintiffs are paid as wages, and accordingly Defendants will make the appropriate deductions as required by law. Plaintiff and Opt-In Plaintiff, however, specifically agree that they are solely responsible for any and all taxes, interest and penalties due and owing by Plaintiff and/or Opt-In Plaintiff, if any, should the Settlement Payment or any portion thereof, be taxable to

Plaintiff and/or Opt-In Plaintiff as determined by a taxing authority with appropriate jurisdiction. Plaintiff and Opt-In Plaintiff further acknowledge and agree to assume full responsibility for the payment of any federal, state or local income, employment or other taxes, including any penalties or interest, which may be owed by Plaintiff and/or Opt-In Plaintiff, as determined by a taxing authority with appropriate jurisdiction, due to their receipt of the Settlement Payment. Plaintiff and Opt-In Plaintiff agree and acknowledge that neither Defendants nor their attorneys, have made any representations concerning the ultimate tax treatment of the funds paid to Plaintiff and Opt-In Plaintiff hereunder, and Plaintiff and Opt-In Plaintiff will rely upon the advice of their own accountants and attorneys with respect thereto.

2. <u>Dismissal of Litigation</u>. Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

3. <u>Release by Plaintiff and Opt-In Plaintiff</u>. Except as provided below, Plaintiff and Opt-In Plaintiff do hereby individually, and on behalf of any spouses or relatives, and for all past, present and future heirs, administrators, executors, representatives, agents, attorneys, assigns and all others claiming by or through Plaintiff and Opt-In Plaintiff, forever release and discharge Defendants and their past, present and future parents, predecessors, successors, assigns, heirs, subsidiaries, affiliates, divisions, subdivisions, and all related entities, and all of their past, present and future directors, officers, agents, servants, employees, including, but not limited to, insurers, administrators, attorneys, and all others related to them (the "Released Parties"), from any and all charges, claims, demands, judgments, actions, causes of action, damages, debts, agreements, remedies, promises, suits, losses, obligations, expenses, costs, attorneys' fees, liabilities and claims for relief of every kind and nature arising out of any matter, cause or thing in existence prior to the execution of this Agreement, whether known or unknown, direct or indirect, foreseen or unforeseen, vested or contingent, in law, equity or otherwise, under any federal or state statute or common law, which Plaintiff and/or Opt-In Plaintiff ever had, now has, or may have in the future, against each and any of the Released Parties for or on account of any matter, cause or thing whatsoever including any matter that was or could have been asserted in the Litigation, including but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act, the Reconstruction Era Civil Rights Act, as amended, the Fair Labor Standards Act, the Workers Adjustment and Retraining Notification Act, the Employee Polygraph Protection Act, the Immigration Control and Reform Act, the Fair Credit Report Act, the Genetic Information Non-Discrimination Act, the Family and Medical Leave Act, the Americans with Disabilities Act as amended, the Age Discrimination in Employment Act (including the Older Workers Benefit Protection Act), the Families First Coronavirus Response Act, Title 41 of the Ohio Revised Code, Article II, Section 34a of the Ohio Constitution, for unpaid overtime and/or minimum wage, the Employee Retirement Income Security Act, as amended, the Ohio Civil Rights Act, the Ohio Equal Pay Act, and any other federal and state civil rights laws or laws relating to employment. This release shall further include, without limitation, any and all claims for any alleged breach of contract claim whether express or implied, promissory estoppel claim, public policy claim, defamation, invasion of privacy, false light, tortious interference, negligence, gross negligence, recklessness, and any claim for harassment or emotional distress. Plaintiff and Opt-In Plaintiff agree and promise that if any federal, state or local administrative agency assumes jurisdiction over any complaint or charge against Released Parties, Plaintiff and Opt-In Plaintiff will refuse any benefits derived therefrom.

Nothing in this Agreement shall waive or release: (a) any claim that cannot be waived or released by law; (b) any claim to enforce this Agreement; (c) any claim for workers' compensation benefits; or (d) any vested benefits under the terms of any tax qualified employee retirement benefits plans, if any, in which Plaintiff and/or Opt-In Plaintiff was a participant during the time he performed work for Defendants.

4. <u>Consultation and Consideration Period</u>. Plaintiff and Opt-In Plaintiff, along with their families, heirs, executors, administrators, personal representatives, agents and assigns specifically acknowledge that they are waiving all rights or claims arising under the Age Discrimination and Employment Act (including the Older Workers Benefit Protection Act), that they have been given at least <u>21-days</u> to consider the terms and conditions of this Agreement and that they have voluntarily chosen to execute the Agreement on the date of its execution, as evidence by their signatures. Plaintiff and Opt-In Plaintiff also acknowledge that they have been advised to discuss this document and its consequences with an attorney of their choice. Further, it is agreed that Plaintiff and Opt-In Plaintiff have <u>7-days</u> following the execution of this document to revoke this Agreement by providing written notice to counsel for Defendant Liberty Steel Industries, Inc. at: Sarah V. Geiger, Esq., Keating Muething & Klekamp PLL, One East 4th Street, Suite 1400, Cincinnati, OH 45202. This Agreement is not effective or enforceable until this revocation period has expired without revocation. Should Plaintiff or Opt-In Plaintiff revoke the Agreement during the revocation period, the Agreement shall be null and void, and no Settlement Payment shall be provided to Plaintiff, Opt-In Plaintiff or Plaintiff's counsel.

5. <u>Neutral Reference</u>. If Defendants are contacted for any reference regarding Plaintiff and/or Opt-In Plaintiff's employment, the request will be directed to Defendants will provide only the dates Plaintiff and/or Opt-In Plaintiff worked as drivers for Liberty Steel Industries, Inc.

6. <u>Duties of the Parties and Their Counsel</u>. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice. The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

7. <u>No Additional Actions, Proceedings, or Settlements</u>. Plaintiff and Opt-In Plaintiff warrant that they are not a participant in any other actual or threatened legal action, proceeding, or settlement concerning payment of wages or salary or any other benefits or payments of any kind for the time period relevant to the Litigation through the present.

8. <u>No Liability or Admission.</u> This Agreement and the terms hereof are not and shall not be used or construed as evidence of an admission or concession by the Parties with respect to the validity of any of the claims released herein or asserted in the Litigation, or of any wrongdoing whatsoever, all of which the Parties expressly deny. For purposes of the Litigation, the Parties agree that notwithstanding the prior ruling from the Court denying Plaintiff's Motion for Conditional Certification, the Court has otherwise made no findings as to the merits of any claim or defense. Moreover, this Agreement shall not be offered as evidence for any purpose in any litigation or otherwise, other than for the purpose of enforcing the terms of this Agreement and/or as required by law or court order.

9. <u>Governing Law, Venue and Jurisdiction</u>. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Ohio, and the Parties consent to venue and personal jurisdiction over them by the United States District Court, Northern District of Ohio.

10. <u>Enforcement of Terms</u>. If either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein and as determined by a court of competent jurisdiction. Failure to insist upon strict compliance with any of the terms, covenants, or conditions hereof shall not be deemed a waiver of any such term, covenant or condition, nor shall such failure at any one time or more times be deemed a waiver or relinquishment of any other time or times of any right under the terms, covenants, or conditions hereof. If any provision hereof shall be determined to be unlawful or improper, or unenforceable for any other reason, the remaining provisions of this Agreement shall remain fully valid and enforceable.

11. <u>Interpretation of Agreement</u>: The Parties agree that in any dispute regarding the interpretation or construction of this Agreement, no presumption shall operate in favor or against any party hereto by virtue of that party's role in drafting or not drafting the terms and conditions set forth herein.

12. <u>Assignment</u>: This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns. Plaintiff and Opt-In Plaintiff may not assign any right or obligation hereunder without Defendants' prior written consent. Defendants may assign their rights and obligations hereunder to any successor in interest.

13. <u>Modifications</u>. No modification hereof shall be effective unless the same be in writing and duly executed by all Parties hereto.

14. <u>Original and Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute a single agreement. Electronic and facsimile signatures shall be treated as originals.

15. <u>Entire Agreement</u>. This Agreement is the complete and exclusive statement of the agreement among the Parties, superseding all proposals and prior agreements, oral or written, and all other communication among the Parties relating to the subject matter herein. The Parties understand and acknowledge that this Agreement is made without reliance upon any statement or representation other than those expressly contained herein. This Agreement shall not be subject to any claim of mistake of fact. This Agreement expresses the full and complete settlement of all liability claimed and denied, and is intended to avoid/end litigation and to be final and complete.

16. <u>Warranty of Authority</u>. The individual signing on behalf of each of the Parties expressly warrants and represents that he or she is fully authorized and empowered by such party to execute this document on its behalf, or his or her behalf.

17. <u>Acknowledgment of Voluntary Act and Intention to Execute Agreement</u>. The Parties acknowledge that they have carefully read this Agreement, they have consulted with their

attorneys with reference to same, and they knowingly and voluntarily agree to each and every term contained within this Agreement and to execute the same.

18. <u>Binding Effect.</u>  This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, successors and/or assigns.

**Pippen and Bonner had an opportunity to carefully review and consider this Agreement with any attorney of their choosing, and Pippen and Bonner had sufficient time to consider it.  After such careful consideration, Pippen and Bonner knowingly and voluntarily enter into this Agreement with full understanding of its meaning and effect.**

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement.

JOHN PIPPEN, Plaintiff

*/s/ John Pippen*
—68583BF76FCA47D...

Date: 9/15/2021

ALONZO BONNER, Opt-In Plaintiff

_____

Date:_____


LIBERTY STEEL INDUSTRIES, INC., Defendant,

By:_____

Its:_____

Date:_____

GLOBAL TECHNICAL RECRUITERS INC., Defendant,

By:_____

Its:_____

Date:_____

attorneys with reference to same, and they knowingly and voluntarily agree to each and every term contained within this Agreement and to execute the same.

18. <u>Binding Effect.</u> This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, successors and/or assigns.

**Pippen and Bonner had an opportunity to carefully review and consider this Agreement with any attorney of their choosing, and Pippen and Bonner had sufficient time to consider it. After such careful consideration, Pippen and Bonner knowingly and voluntarily enter into this Agreement with full understanding of its meaning and effect.**

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement.

JOHN PIPPEN, Plaintiff

_____

Date:_____

ALONZO BONNER, Opt-In Plaintiff

_[signature]_
8BF6F25F09D14E7...

Date: 9/15/2021

LIBERTY STEEL INDUSTRIES, INC., Defendant,

By:_____

Its:_____

Date:_____

GLOBAL TECHNICAL RECRUITERS INC., Defendant,

By:_____

Its:_____

Date:_____

attorneys with reference to same, and they knowingly and voluntarily agree to each and every term contained within this Agreement and to execute the same.

18. <u>Binding Effect.</u> This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, successors and/or assigns.

**Pippen and Bonner had an opportunity to carefully review and consider this Agreement with any attorney of their choosing, and Pippen and Bonner had sufficient time to consider it. After such careful consideration, Pippen and Bonner knowingly and voluntarily enter into this Agreement with full understanding of its meaning and effect.**

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement.

JOHN PIPPEN, Plaintiff

Date:_____

ALONZO BONNER, Opt-In Plaintiff

Date:_____

LIBERTY STEEL INDUSTRIES, INC., Defendant,

By: _[signature]_

Its: CFO

Date: 9-17-2021

GLOBAL TECHNICAL RECRUITERS INC., Defendant,

By:_____

Its:_____

Date:_____

attorneys with reference to same, and they knowingly and voluntarily agree to each and every term contained within this Agreement and to execute the same.

18. Binding Effect. This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, successors and/or assigns.

**Pippen and Bonner had an opportunity to carefully review and consider this Agreement with any attorney of their choosing, and Pippen and Bonner had sufficient time to consider it. After such careful consideration, Pippen and Bonner knowingly and voluntarily enter into this Agreement with full understanding of its meaning and effect.**

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement.

JOHN PIPPEN, Plaintiff

Date:_____

ALONZO BONNER, Opt-In Plaintiff

_/s/ Alonzo Bonner_
8BF6F25F09D14E7...

Date: 9/15/2021

LIBERTY STEEL INDUSTRIES, INC., Defendant,

By:_____

Its:_____

Date:_____

GLOBAL TECHNICAL RECRUITERS INC., Defendant,

By: _/s/_____

Its: CFO

Date: 9/17/21

- 6 -

attorneys with reference to same, and they knowingly and voluntarily agree to each and every term contained within this Agreement and to execute the same.

18. <u>Binding Effect.</u> This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, successors and/or assigns.

**Pippen and Bonner had an opportunity to carefully review and consider this Agreement with any attorney of their choosing, and Pippen and Bonner had sufficient time to consider it. After such careful consideration, Pippen and Bonner knowingly and voluntarily enter into this Agreement with full understanding of its meaning and effect.**

IN WITNESS WHEREOF, the Parties hereto have duly executed this Agreement.

JOHN PIPPEN, Plaintiff

*/s/ [signature]*

Date: 9/15/2021

ALONZO BONNER, Opt-In Plaintiff

_____

Date: _____

LIBERTY STEEL INDUSTRIES, INC., Defendant,

By: _____

Its: _____

Date: _____

GLOBAL TECHNICAL RECRUITERS INC., Defendant,

By: *[signature]*

Its: CFO

Date: 9/17/21

- 6 -